# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 24-0772V

| | |
|---|---|
| ANDREA BORAH,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 25, 2025 |

*Maximillian J. Muller, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Meghan Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On May 17, 2024, Andrea Borah filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from measles mumps, and rubella ("MMR") and tetanus, diphtheria, and acellular pertussis ("Tdap") vaccines received on February 6, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 13, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On July 25, 2025, Respondent filed a proffer on award of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

compensation ("Proffer") indicating Petitioner should be awarded $102,440.00.[3] Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $102,440.00 (comprised of $100,000.00 for pain and suffering and $2,440.00 for past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Respondent reiterates that because the MMR vaccine was administered subcutaneously, it cannot meet the Table SIRVA criteria, and thus Petitioner's entitlement to compensation relates only to her Tdap vaccination. Proffer at 1 n.1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| ANDREA BORAH, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 24-772V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 17, 2024, Andrea Borah ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended, alleging that she suffered from a left shoulder injury related to vaccine administration ("SIRVA") as a result of measles, mumps, and rubella ("MMR") and tetanus, diphtheria and acellular pertussis ("Tdap") vaccinations she received on February 6, 2023. Petition at 1. On January 10, 2025, respondent filed his Rule 4(c) Report asserting that this case was appropriate for compensation, specifically regarding petitioner's Tdap vaccination only.[1] ECF No. 15. On January 13, 2025, Chief Special Master Corcoran issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 16.

---

[1] Petitioner's February 6, 2023 MMR vaccination was administered subcutaneously. Ex. 1 at 1. Because the MMR vaccination was not "a vaccine intended for intramuscular administration in the upper arm," it cannot meet the criteria of the Vaccine Injury Table. 42 C.F.R. § 100.3(c)(10). As such, petitioner's entitlement to compensation relates only to petitioner's Tdap vaccination.

I.   **Items of Compensation**

    A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $100,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,440.00.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that Chief Special Master Corcoran's decision and the Court's judgment award the following[2]: a lump sum payment of **$102,440.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                                        Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

        C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

/s/ *Meghan R. Murphy*
MEGHAN R. MURPHY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4264
meghan.r.murphy@usdoj.gov

DATED: July 25, 2025

3